UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AIIRAM LLC, et al.,<br>           Plaintiffs,<br>v.<br>KB HOME,<br>           Defendant. | Case No. 19-cv-00269-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFFS' DISCOVERY REQUESTS**<br>Re: Dkt. No. 30 |

This is a putative class action asserting state law claims arising out of a contractual relationship between the parties for the purchase of real property. Dkt. No. 17. Plaintiffs AIIRAM LLC and Mariia Kravchuk move to compel discovery from defendant KB Home. Dkt. No. 30. KB Home opposes discovery relating to plaintiffs' class action claims as well as discovery that it says overlaps with discovery plaintiffs served in a separate state court action. *Id.* The Court finds this dispute suitable for resolution without a hearing. Civ. L.R. 7-1(b).

For the reasons explained below, the Court grants in part and denies in part plaintiffs' motion to compel.

## I.    BACKGROUND

KB Home removed this action from state court to federal court on January 16, 2019. Dkt. No. 1. Plaintiffs and KB Home are parties to a separate action that is currently pending in state court ("the state court action"). Dkt. No. 30 at 2.

On April 15, 2019, the presiding judge issued a scheduling order adopting the parties' proposed schedule. Dkt. No. 19. That order advises the parties that "[d]iscovery is not stayed pending the initial case management conference and should begin immediately." *Id.* at 1–2. In addition, the scheduling order sets a single deadline for the close of fact discovery. It does not

1  distinguish between discovery relating to the class allegations and discovery related to plaintiffs' individual claims or the merits. *Id.* at 2. The order specifically advises the parties that "[t]he Court will also not bifurcate discovery." *Id.* at 1.

On April 24, 2019, KB Home filed a motion to stay the action or, alternatively, to strike plaintiffs' class allegations and to dismiss all claims except plaintiffs' individual claim for breach of contract. Dkt. No. 21. That motion is pending.

Plaintiffs move to compel KB Home's responses to document requests, interrogatories, and requests for admission. Dkt. No. 30 at 5. In its written responses, KB Home asserts multiple objections to each request. However, in the parties' joint submission, KB Home resists discovery based on only two of those objections:

1. Whether KB Home may refuse to provide discovery in this case on the ground that plaintiffs' requests are duplicative of discovery sought in a separate state court action; and

2. Whether KB Home may refuse to provide discovery relating to plaintiffs' class allegations.

The Court addresses each objection separately.

## II. DISCUSSION

### A. Plaintiffs' Discovery Is Not Unreasonably Cumulative or Duplicative

Plaintiffs say that KB Home has objected to all of its discovery requests on the ground that those requests are duplicative of discovery requests served on KB Home in the state court action. Plaintiffs argue that such an objection is improper, and in any event, KB Home has not responded to discovery requests in the state court action either. Dkt. No. 30 at 3–4.

KB Home argues that its objection is proper for three reasons. First, it argues that it should not have to respond to discovery because this case should be stayed pending resolution of plaintiffs' state court action. *Id.* at 8. This argument is not well-taken. Whatever the merits of KB Home's motion may be, discovery has not been stayed, and KB Home may not refuse or delay discovery on its own initiative simply because a motion to stay is pending, particularly where the presiding judge has set a schedule for completion of discovery and directed the parties to proceed "immediately" with discovery.

2

Second, citing Rule 26 of the Federal Rules of Civil Procedure, KB Home argues that responding to discovery in this case would be "unreasonably cumulative or duplicative" of discovery to which it has responded in the state court action. KB Home's reliance on Rule 26(b)(2)(C)(i)'s limitation on the scope of discovery distorts the purpose of that rule, which is to limit unreasonably cumulative or duplicative discovery in the action in which the discovery is served. Moreover, plaintiffs assert, without contradiction from KB Home, that the only discovery produced in the state court action thus far was provided by an entity called KB Home South Bay, and not by KB Home, the defendant in this action. KB Home has not shown that the discovery requests at issue in this dispute are unreasonably cumulative or duplicative of other discovery plaintiffs have already served in this action.

Third, KB Home argues that because there is a pending dispute about plaintiffs' discovery in the state court action, KB Home should not be ordered to respond to the same discovery requests in this action, as such an order would risk "inconsistent results." The pendency of a discovery dispute in a separate action in state court has no bearing on KB Home's discovery obligations in this case before this Court.

KB Home may not rely on the alleged duplicative nature of discovery requests in the state court action to avoid responding to plaintiffs' discovery requests in this action.

**B.  Plaintiffs May Obtain Discovery Relating to Class Allegations**

KB Home objects to many of plaintiffs' discovery requests on the ground that they seek discovery bearing on plaintiffs' state-wide and nationwide class action claims. Dkt. No. 30 at 6. Neither side identifies for the Court the particular discovery requests to which KB Home asserts this objection. The Court has reviewed Exhibits A-C to the joint submission and observes that KB Home has made an objection based on Rule 23 to the following requests: Requests for Admissions Nos. 29-33, Interrogatories Nos. 1-9, and Requests for Production Nos. 6-11 and 17-18. Dkt. Nos. 30-1, 30-2, 30-3.

KB Home argues plaintiffs may not obtain discovery relating to their class claims unless they first show that their claims satisfy the requirements of Rule 23. *Id.* In addition, KB Home says that plaintiffs are not entitled to any class discovery because they are not proper class

representatives. *Id.* Finally, KB Home objects that plaintiffs' class-related discovery requests are overbroad to the extent they seek discovery of all of KB Home's subsidiaries. *Id.* Plaintiffs do not address any these arguments in their portion of the joint submission; instead, they rely exclusively on the Court's scheduling order, which states that discovery will not be stayed or bifurcated. *Id.* at 3.

KB Home's assertion that discovery related to class claims is permissible only if plaintiffs make a prima facie showing that their claims meet the requirements of Rule 23 is not correct. While a district court does not abuse its discretion in refusing to authorize pre-certification discovery when a plaintiff fails to make a prima facie showing that the class action requirements are satisfied, such a showing is not required. In *Vinole v. Countrywide Home Loans, Inc.*, the Ninth Circuit recognized that a district court has broad discretion to permit pre-certification discovery to substantiate a plaintiff's class allegations, including discovery necessary to determine the existence of a class or subclass. 571 F.3d 935, 942 (9th Cir. 2009). Accordingly, the Court rejects KB Home's categorical argument that it may refuse discovery related to plaintiffs' class claims because plaintiffs have not made a prima facie showing that their claims satisfy Rule 23's requirements.

For its argument that plaintiffs may not obtain class discovery because they are not proper class representatives, KB Home relies on *Lou v. Ma Labs, Inc.,* No. C 12-05409 WHA, 2014 WL 68605 (N.D. Cal. Jan. 8, 2014). *Lou* addressed the adequacy of class counsel to represent the putative class on a motion to disqualify counsel at the class certification stage. In that case, the Court concluded that class counsel had a conflict of interest and thus could not adequately represent the class, because they represented different plaintiffs in separate actions proceeding simultaneously with similar claims and evidence against the same defendants, "thereby creating opportunities for counsel to manipulate the allocation of settlement dollars." *Id.* at *2. *Lou* did not consider the impact of class counsel's inadequacy on the availability of class-related discovery. The question of whether plaintiffs' counsel have a conflict of interest that warrants disqualification is a question that should be addressed on a motion to disqualify or as part of class certification, where the nature of the alleged conflict of interest can be fully explored. *See*

4

*Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1046–47 (N.D. Cal. 2014). The Court will not bar plaintiffs from obtaining discovery regarding their class allegations on the basis of counsel's alleged conflict of interest raised in this discovery dispute resolution proceeding.

KB Home correctly observes that discovery regarding plaintiffs' class allegations must meet the relevance and proportionality requirements of Rule 26(b)(1). Plaintiffs make absolutely no effort to explain how the discovery they seek will help them substantiate their class allegations, and they say nothing whatsoever about the relevance or proportionality of any of the disputed discovery requests. KB Home argues that plaintiffs' class-related discovery requests are overbroad to the extent they seek discovery of all of KB Home's subsidiaries besides KB Home South Bay. According to KB Home, plaintiffs did business only with KB Home South Bay, and no other subsidiaries. On that basis, it argues that plaintiffs' discovery should be limited to KB Home South Bay. KB Home argues that broader discovery would constitute a "fishing expedition," but it does not argue that such discovery would be burdensome. *Id.* at 7–8. KB Home also does not argue that discovery of its subsidiaries encompasses discovery that is outside KB Home's possession, custody, or control.[1]

The Court notes that several of plaintiffs' discovery requests seek to identify members of the putative class and subclass and to assess how many members, if any, each class or subclass has. District courts in this Circuit generally permit such discovery. *See, e.g.*, *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606, 2018 WL 6092730, at *2 (N.D. Cal. Nov. 21, 2018); *Bell v. Delta Air Lines, Inc.*, No. C 13-01199 YGR (LB), 2014 WL 985829, at *3 (N.D. Cal. Mar. 7, 2014); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011); *Wigele v. FedEx Ground Package Sys.*, No. 06-CV-01330-JM (POR), 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007); *Putman v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007). The Court also notes that plaintiffs' discovery requests appear to incorporate the class and subclass definitions of the

---

[1] All of plaintiffs' discovery requests are directed to "defendant KB Home, its subsidiaries and affiliates, and/or their officers, directors, employees, attorneys, experts, agents (including sales agents), representatives, and others acting on its behalf." Dkt. Nos. 30-1, 30-2, 30-3 (definitions of "YOU" and "YOUR").

amended complaint in the defined terms "NATIONWIDE CLASS," "CALIFORNIA SUBCLASS," and "NOTICE OF DEFAULT.". *See In re Intuit Data Litig.*, No. 15-cv-01778 EJD (SVK), 2017 WL 3616592, at *2 (N.D. Cal. Aug. 23, 2017) (observing that a court may consider the class definition in evaluating relevance of discovery). In these circumstances, the Court concludes that, absent a more substantial showing, plaintiffs may only obtain class-related discovery that is strictly commensurate with their class and subclass definitions and necessary to a determination of the existence, size, and membership of the class and subclass, as set forth below.

With respect to KB Home's overbreadth objection, the Court is reluctant to limit discovery to a single subsidiary where the claims here are made against KB Home (the parent company), KB Home has made no showing that the requested discovery is burdensome, and KB Home does not otherwise object to the scope of plaintiffs' class-related discovery requests. *Cf. Mora v. Zeta Interactive Corp.*, No. 1:16-cv-00198-DAD-SAB, 2017 WL 1187710, at *5 (E.D. Cal. Feb. 10, 2017) (finding defendant demonstrated a significant burden in responding to discovery on behalf of all subsidiaries based on allegations involving only one subsidiary).

Accordingly, KB Home must respond to the following class-related discovery requests: Requests for Admissions Nos. 31-32, Interrogatories Nos. 2, 7-8, and Requests for Production Nos. 6, 9, 17-18. KB Home must respond with respect to information and documents within its possession, custody, or control (not limited to its subsidiary KB Home South Bay). Plaintiffs' motion to compel is denied without prejudice with respect to KB Home's class action discovery objection as to the following discovery requests: Requests for Admissions Nos. 29-30, 33, Interrogatories Nos. 1, 3-6, 9, and Requests for Production Nos. 7-8, 10-11.

### III. CONCLUSION

KB Home must serve responses to plaintiffs' discovery, in accordance with this order, by **July 15, 2019**.

**IT IS SO ORDERED.**

Dated: July 5, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge